KATHLEEN N. STRICKLAND (SBN 64816)
STEPHAN CHOO (SBN 284395)
ROPERS MAJESKI PC
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone:    415.543.4800
Facsimile:    415.972.6301
Email:    kathleen.strickland@ropers.com
stephan.choo@ropers.com

Attorneys for Defendant
WALMART, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of Imperial
11-5-2020
11/06/2020 at 08:04:32 AM
By: Marissa Moran, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF IMPERIAL

| | |
|---|---|
| REBECA ORTIZ, an individual,<br><br>         Plaintiff,<br><br>     v.<br><br>WALMART, INC., a corporation; and DOES 1 to 25,<br><br>         Defendants. | Case No. ECU001414<br><br>**WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Dept.:    7<br>Judge:    Hon. Jeffrey B. Jones<br>Trial Date:    TBD<br>Date Action Filed:    May 28, 2020 |

Defendant, WALMART, INC. ("Walmart" or "Defendant") responds to the unverified complaint ("Complaint") of Plaintiff REBECA ORTIZ ("Plaintiff").

**GENERAL DENIAL**

Under the provisions of California Code of Civil Procedure section 431.30, Defendant denies generally and specifically, conjunctively and disjunctively, each and every allegation contained in Plaintiff's Complaint, and further denies Plaintiff sustained damages in any sum or sums alleged, or any other sum or at all, as a result of any act or omission performed by, or on behalf of, this answering Defendant.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following separate affirmative defenses to each cause of action in the Complaint.

4812-2558-3823.1

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff's Complaint fails to state facts upon which a claim for relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Assumption of the Risk)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff acted with full knowledge of all the facts and circumstances surrounding her alleged injuries and damages and assumed the risk of the matters causing the alleged injuries and damages, and that said matters of which Plaintiff assumed the risk proximately contributed to and proximately caused her injuries and damages, if any.

## THIRD AFFIRMATIVE DEFENSE

(Open and Obvious Condition)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that the condition complained of by Plaintiff was so open and obvious that Plaintiff reasonably should have seen it, which of itself would have acted as a warning of the condition, and therefore Defendant had no duty to provide a warning of the condition.

## FOURTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that

1  Plaintiff was comparatively negligent and at fault in connection with the matters alleged in the
2  Complaint, and Defendant prays that any damages sustained by Plaintiff, if any, be reduced by
3  the percentage of her negligence.

4  FIFTH AFFIRMATIVE DEFENSE
5  (Third Parties)

6  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
7  COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION
8  CONTAINED THEREIN, this answering Defendant alleges that the injuries and damages
9  complained of by Plaintiff, if any, were either wholly or in part directly and proximately caused
10 by the negligence or other wrongful acts or omissions of persons or entities other than this
11 answering Defendant, and said negligence is either imputed to Plaintiff by reason of the
12 relationship of said parties to Plaintiff and/or said negligence comparatively reduces the
13 proportion of negligence and corresponding liability of this answering Defendant, if any, which
14 liability is specifically denied.

15 SIXTH AFFIRMATIVE DEFENSE
16 (Superseding Causation)

17 AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
18 COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION
19 CONTAINED THEREIN, this answering Defendant alleges that no act or omission of the
20 answering Defendant was a substantial factor in bringing about the damages alleged by Plaintiff,
21 nor was any act or omission a contributing cause thereof. Any alleged acts or omissions of the
22 answering Defendant were superseded by the acts or omissions of others, including Plaintiff,
23 and/or other individuals or entities not named in the Complaint herein, which were the
24 independent, intervening, and proximate cause of any damage or loss allegedly sustained by
25 Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

(Trivial Condition)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that any defect or condition complained of by Plaintiff was trivial as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that at all times and places mentioned in the Complaint herein, Plaintiff failed to mitigate the amount of her alleged damages. The damages claimed by Plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to her recovery under the complaint.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Consent)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff's claims are barred to the extent that she consented to any of the acts and/or omissions alleged against Defendant.

ELEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that the causes of action set forth in the Complaint are, and each of them is, barred by the applicable statute of limitations including, but not limited to, Code of Civil Procedure section 335.1.

TWELFTH AFFIRMATIVE DEFENSE

(Acts of Others)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that the alleged acts or omissions, including those performed at the time surrounding the alleged injuries, and which Plaintiff claims caused her alleged injuries, were managed and controlled by entities other than this answering Defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequence)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff failed to take reasonable steps and/or precautions to avoid the damages incurred, if any, and Plaintiff's recovery should be reduced accordingly.

FOURTEENTH AFFIRMATIVE DEFENSE

(Defendant's Conduct Reasonable)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that its conduct in and about the matters alleged in Plaintiff's Complaint was reasonable.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Duty)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that, at all times relevant, this answering Defendant did not have any relationship with or duty to Plaintiff to create any liability on this answering Defendant or upon which to base any cause of action.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Waiver)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that said Complaint is barred by the Doctrine of Waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that said Complaint is barred by the Doctrine of Estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff's claims are barred because Plaintiff has failed to join in her Complaint all necessary and indispensable parties, without whom the purported claims asserted in the Complaint cannot fully, finally and completely be resolved.

## NINETEENTH AFFIRMATIVE DEFENSE

(Laches)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that said Complaint is barred by the Doctrine of Laches.

## TWENTIETH AFFIRMATIVE DEFENSE

(Unavoidable)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff's claims are barred to the extent that the injuries and damages alleged in the complaint were unavoidable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Fair Responsibility Act of 1986 – Prop. 51)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that if liability is assessed against it, pursuant to Civil Code section 1430, *et seq.*, then Defendant shall be liable only for the amount of the non-economic damages allocated to it in direct proportion to the percentages of fault assessed against it by the trier of fact, and requests that separate judgments be rendered against it only for those respective amounts; but that Defendant in setting forth this affirmative defense makes no admission that it is liable to Plaintiff in any amount or in any proportion; and Defendant, in setting forth this affirmative defense, makes no admission that Plaintiff has been damaged in any sum or sums or at all.

TWENTY-SECOND AFFIRMATIVE DEFENSE

(Supervening and/or Intervening Cause)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that each and every claim and cause of action asserted in Plaintiff's Complaint is barred by some supervening and/or intervening or other outside cause not the responsibility of this answering Defendant.

TWENTY-THIRD AFFIRMATIVE DEFENSE

(Negligence of Others)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that the alleged incident and damages sought, if any, were proximately caused by unforeseeable independent, intervening and/or superseding events or acts beyond the control and unrelated to any actions or conduct of this answering Defendant. This answering Defendant's actions and conduct, if any, were superseded by the negligence and wrongful conduct of others.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Spoliation)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff's claims are barred to the extent that she failed to preserve the physical condition and integrity of evidence essential to Defendant's adequate and proper defense.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Speculative Damages)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

1  CONTAINED THEREIN, this answering Defendant alleges on information and belief that
2  Plaintiff's claims are barred because any loss or damage purportedly suffered by her is
3  speculative, de minimis, remote or transient and, therefore, not cognizable at law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that it did not breach any duty owed to Plaintiff, if any.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that its conduct was not the cause in fact of any of the losses alleged by Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Aggravation of Preexisting Condition or Disability)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff is not entitled to damages for any physical or emotional condition that she had before Walmart's alleged conduct occurred.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Plaintiff's Conduct Reckless and Wanton)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that at all times mentioned in Plaintiff's Complaint, Plaintiff acted in a careless, reckless, wanton and negligent manner in and

1  about the matters set forth in the Complaint; that such careless, reckless, and wanton and
2  negligent conduct proximately contributed to the injuries and damages, if any, sustained or
3  claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

### THIRTIETH AFFIRMATIVE DEFENSE

(Lack of Notice)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that it had no notice, constructive or actual, of any alleged dangerous condition alleged in Plaintiff's Complaint and therefore denies liability for Plaintiff's alleged injury/damages, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Reimbursement)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that any reimbursement, from whatever source, to Plaintiff of the damages alleged must be applied against any liability of Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Exercise of Reasonable Care)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant exercised reasonable care and did not know,

and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Particularity)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the Complaint, thereby depriving Defendant the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Justification)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, the Complaint, and each and every cause of action alleged therein, is barred because any actions taken by Defendant were justified.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Uncertainty)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Accidental or Unavoidable Injury)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION

CONTAINED THEREIN, the Complaint, and each and every cause of action alleged therein, is barred because Defendant was not negligent at the time of the accident.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Supplemental Defenses)

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant reserves all rights to supplement this answer with additional denials and/or affirmative defenses, as further facts are discovered in this litigation.

### PRAYER

WHEREFORE, Defendant respectfully requests:

1. That Plaintiff takes nothing by her Complaint;
2. A dismissal of the Complaint with prejudice and award Defendant's reasonable attorneys' fees to the extent permitted by law;
3. Judgment in favor of Defendant against Plaintiff;
4. Costs of suit incurred herein; and
5. For such other and further relief, legal and equitable, that the Court may deem proper.

Dated: November 5, 2020                    ROPERS MAJESKI PC

By: /s/
KATHLEEN N. STRICKLAND
STEPHAN CHOO
Attorneys for Defendant
WALMART, INC.

| | |
|---|---|
| CASE NAME: | ORTIZ (REBECA) V WALMART, INC. |
| ACTION NO.: | COUNTY OF IMPERIAL ECU001414 |

**PROOF OF SERVICE**

**METHOD OF SERVICE**

☐ First Class Mail     ☐ Facsimile     ☐ Messenger Service

☐ Overnight Delivery     ☒ E-Mail/Electronic Delivery

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 75 Broadway, Suite 202, San Francisco, California 94111, County of San Francisco.

3. On November 5, 2020 I served the following documents:

**WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

Justin Farahi, Esq.  
FARAHI LAW FIRM APC  
12079 Jefferson Blvd.  
Los Angeles, CA  90230

Attorney for Plaintiff,  
Rebeca Ortiz

Tel:     (310) 774-4500  
Fax:     (424) 295-0557  
E:     justin@farahilaw.com  
        philip@farahilaw.com  
        harold@farahilaw.com

5. I served the documents by the following means:

   a. ☐ By United States mail:  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at the address listed in Paragraph 2 above.

   b. ☐ By overnight delivery:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   c. ☐ By messenger:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

4812-2558-3823.1

- 13 -

WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

    d. ☐ By fax transmission: Based on an agreement between the parties and in conformance with Rule 2.306, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

    e. ☒ ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on October 21, 2020 that, during the Coronavirus (COVID-19) pandemic, Ropers Majeski attorneys will be working remotely, not able to send physical mail as usual, and are therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission..

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Date: November 5, 2020



_____
Denise Jackson

- 14 -

WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

4812-2558-3823.1