# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA ORTIZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WALMART, INC.; DOES 1 THROUGH 25, INCLUSIVE<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-02219-GPC(AGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE THE AMENDED COMPLAINT**<br><br>**[Dkt. No. 19.]** |

Before the Court is Defendant's motion to strike the amended complaint. (Dkt. No. 19.) Plaintiff filed an opposition and Defendant replied. (Dkt. Nos. 22, 23.) Based on the reasoning below, the Court DENIES Defendant's motion to strike the amended complaint.

## BACKGROUND

On May 28, 2020, Plaintiff Rebecca Ortiz ("Plaintiff") filed a complaint in San Diego Superior Court against Defendant Walmart, Inc. ("Defendant") alleging negligence and premises liability for injuries she allegedly sustained while shopping at Defendant's store located at 2540 Rockwood Avenue in Calexico, California. (Dkt. No. 1-2, Compl.) On November 13, 2020, Defendant removed this action to this Court. (Dkt. No. 1.) On April 26, 2021, the Court granted Plaintiff's motion for leave to file an amended

1

complaint and directed Plaintiff to file an amended complaint within five days of the Court's order. (Dkt. No. 17.) However, Plaintiff filed the amended complaint nearly a month later on May 27, 2021. (Dkt. No. 18.) Because the amended complaint was filed late, Defendant filed the instant motion to strike the amended complaint under Federal Rule of Civil Procedure 12(f) and the motion is fully briefed. (Dkt. Nos. 19, 22, 23.)

## DISCUSSION

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517 (1994)). "Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc*., 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

Here, Defendant moves to strike the amended complaint because it was filed late and without leave of court; therefore, it is without legal effect and the Court should strike it as immaterial as a matter of law. Plaintiff responds relying on California state law and federal law[1] to support her argument.

In diversity cases, as in this case, federal courts apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Rule 12(f) is

---

[1] Plaintiff improperly requests relief under Rule 60(b)(1), which provides that the "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record", to support her counsel's clerical error but Rule 60 addresses a final judgment or order and clerical mistakes made in those documents. *See Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9 Cir. 2014) ("The quintessential 'clerical' errors are where the court errs in transcribing the judgment or makes a computational mistake.") Rule 60 does not apply to support Plaintiff's position.

2

considered a procedural matter, and therefore, the Court applies federal law. *See Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007). Neither party has articulated the relevant legal standard on whether the Court should accept Plaintiff's late filing of the amended complaint but the Court addresses it.

Rule 6(b) permits a court, at its discretion, to accept a late filing when the movant's failure to meet the deadline was the result of excusable neglect. Fed. R. Civ. P. 6(b) ("[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations, internal quotation marks, and modifications omitted). A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv Servs.*, 507 U.S. at 392.

Here Defendant has not articulated that it will be prejudiced if the amended complaint were allowed to be filed late. The delay was a month which has delayed the case, but it is not an undue delay. Plaintiff's counsel states the late filing was due to a clerical error based on inputting the date and time internally set on his calendaring system. (Dkt. No. 22 at 6, Price Decl.) Counsel was unaware of the late filing until the

3

motion to strike was filed. (*Id.* ¶ 3.)  Finally, Defendant has been acting in good faith. After considering the facts, the Court agrees with Defendant that inadvertence or clerical error does not constitute excusable neglect; however, in the interest of judicial efficiency and the general purpose of the Federal Rules in seeing that cases are tried on the merits, the Court DENIES Defendant's motion to strike.  However, the Court admonishes Plaintiff's counsel to strictly comply with future Court orders and deadlines.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's motion to strike the amended complaint.  The hearing date on July 30, 2021 shall be **vacated.**

**IT IS SO ORDERED.**

Dated:  July 13, 2021

Hon. Gonzalo P. Curiel
United States District Judge